IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHARLES E. SMITH | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV04-594-S-MHW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| KEN BENNETT, warden of SICI, | ) | |
| JOHN HARDISON, deputy warden of | ) | |
| SICI, MALCOMB BEACH, NOEL | ) | |
| BARLOW-BELL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

Pending before the Court is the review of Plaintiffs' Civil Rights Complaint (Complaint). The Complaint is subject to review to determine whether its allegations are subject to summary dismissal under 28 U.S.C. §§ 1915. Plaintiff also filed the following motions: (1) Motion for *in Forma Pauperis* filing status (Docket No. 1); (2) Motion for Appointment of Counsel (Docket No. 5); and (3) Motion for Removal of Habeas Petition (Docket No. 16). Plaintiff consented to the jurisdiction of a Magistrate Judge to determine this matter, in accordance with 28 U.S.C. § 636 (c) and Fed. R. Civ. P. 73.

Having carefully reviewed the record, and otherwise being fully informed, the

**ORDER 1**

Court has determined that Plaintiff's Complaint fails to state cognizable constitutional claims. Therefore, it is subject to dismissal without prejudice.

# I.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC). At the time the allegations in the Complaint arose, he was incarcerated at the South Idaho Correctional Institution (SICI). Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging violation of his civil rights.

The Defendants named in the Complaint are Warden Ken Bennett, Deputy Warden John Hardison, Sgt. Malcomb Beach, and Sgt. Noel Barlow-Bell. Plaintiff alleges that Defendants violated his rights by "discrimination in the workplace, abuse of authority and due process regarding existing policy and failing to apply such changes in a manner which would provide equal protection to those affected." Complaint, p. 4. Plaintiff claims that IDOC policy allows inmates to wear their hair at any length, but Defendants created a different grooming standard for inmates working on vocational work projects at SICI.

Plaintiff alleges that as a result of the change in grooming standards, he was terminated from the work projects program. He also claims that some inmates with long hair were allowed to remain in the work projects program. It is unclear whether Plaintiff is alleging that the inmates with long hair were Native Americans whose religious beliefs were being accommodated through a deviation in the hair grooming policy.

**ORDER  2**

Plaintiff claims that his rights to freedom of expression are being violated, as well as his liberty interest in the continued participation in the work projects.  Finally, Plaintiff claims that he was transferred to the North Dorm in retaliation for challenging the hair grooming policy.

## II.

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

### A.  Liberty Interest in Employment

In order for there to be a Fourteenth Amendment due process right, there must be a liberty interest.  Plaintiff has no liberty interest in prison employment.  *See Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).  Accordingly, he will not be allowed to proceed on a claim that he was wrongfully terminated from the work projects program.[1]

---

[1] Based on the allegations in the Complaint, Plaintiff has failed to adequately allege constitutional violations.  Once constitutional claims have been adequately alleged, the Court applies the test set forth in *Turner v. Safely*, 482 U.S. 78, 89 (1987).  In *Turner*, the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  482 U.S. at 89.  The Court identified four factors to consider when determining whether a regulation is valid: (1) whether there is a "rational connection between the prison regulation and the legitimate

**ORDER  3**

## B. Equal Protection

Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940). In order to prevail on an equal protection claim, Plaintiff must demonstrate that he is being treated in a disparate manner, and that there is no rational basis for the disparate treatment. *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993). Stated another way, prison officials need show only a rational basis for dissimilar treatment in order to defeat the merits of Plaintiff's claim. *Id.*, 984 F.2d at 271. In an equal protection claim, state action is presumed constitutional and "will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland*, 366 U.S. 420, 426 (1961). Where a case "does not rise to the level of invidious discrimination proscribed by the Equal Protection Clause. . . , the federal courts should defer to the judgment of the prison officials." *More*, 984 F.2d at 272.

Plaintiff's allegations do not give rise to an equal protection violation. The work projects program is allowed to create its own grooming procedures once it establishes a

---

governmental interest put forward to justify it"; (2) whether "there are alternative means of exercising the right that remain open to prison inmates"; (3) what "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether "ready alternatives" exist. 482 U.S. at 89-90; *see also Ward v. Walsh,* 1 F.3d 873, 877 (9th Cir.1993)(*Turner* applies to all constitutional claims arising in prison with the exception of Eighth Amendment claims). *Id.* at 877.

**ORDER  4**

rational basis to differ from the IDOC general grooming policy.  Accordingly, this claim is without merit.

### C.  First Amendment Claim

Plaintiff also generally alleges that his First Amendment right to "freedom of expression" has been violated.  The Court is unaware of any legal support for Plaintiff's claim that an inmate has a constitutional right to express himself through hair length.  Accordingly, this claim is also without merit.

Based on the dismissal of Plaintiff's Complaint, the pending motions in this case are denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B).

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for *in Forma Pauperis* filing status (Docket No. 1) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 5) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Removal of

Habeas Petition (Docket No. 16), inadvertently filed in this action, will be re-filed by the Clerk as a habeas petition.

DATED: July 12, 2005

/s/ Mikel H. Williams

Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER  6**